USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JAMES J. REYNOLDS                              :
                                               :          09 Civ. 0434 (SHS)
                                               :
                        Plaintiff,             :
                                               :          MEMORANDUM OPINION
                                               :          & ORDER
        -against-                              :
                                               :
THE ATTORNEY GENERAL OF THE,                   :
UNITED STATES OF AMERICA,                      :
                                               :
                        Defendant.             :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        James J. Reynolds, proceeding pro se, challenges the decision by the U.S. Department of

Justice ("DOJ"), acting through its Executive Office for United States Attorneys ("EOUSA"),

not to provide information that he requested pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552. That determination was based on Reynolds' refusal to pay the

estimated cost of preparing the requested documents and his failure to qualify for a waiver of

those costs pursuant to 28 C.F.R. § 16.11(k)(2). The government has moved (1) to dismiss the

complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can

be granted and, in the alternative, (2) for summary judgment in its favor. Plaintiff has not

responded to the government's motion, despite notice by the government informing him that it

would seek dismissal of the complaint on the additional grounds that the government's motion

was unopposed if he failed to respond by June 17, 2009. (*See* Letter to Judge Sidney H. Stein

from Brandon H. Cowart, Assistant U.S. Attorney dated June 25, 2009, Dkt. No. 12; Notice to

Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings

dated April 24, 2009, Dkt. No. 11; Notice to Pro Se Litigant Who Opposes a Motion for

Summary Judgment dated April 24, 2009, Dkt. No. 8.) Each of the government's proffered grounds for dismissing the complaint is meritorious.

## I.   BACKGROUND

Reynolds states that he submitted requests to 93 U.S. Attorney's offices in February 2007, seeking any records containing information about him—including information referring to him by any of several aliases including "J.R., Jimbo, Jimmy, Jim, D2, Chivas, Jimbone, T-bone, or any aliases with references to the Bronx"—pursuant to FOIA.[1]  (Compl. ¶ 1, Ex. A at 3.) Reynolds' FOIA requests, which were essentially identical, included the statement: "I request a fee waiver in the public interest." (Compl., Ex. A at 4.) Reynolds provided no explanation or substantiation as to why a waiver of the fee was "in the public interest." The EOUSA consolidated the 74 of Reynolds' requests that it received (Declaration of Dione J. Stearns dated April 24, 2009 ¶ 5 n.1.) and, based on their broad scope, informed Reynolds that the estimated fee required for it to begin to processing them would be $2,568.80 (Compl., Ex. J.). FOIA regulations permit the EOUSA to require payment of such a fee prior to processing the request. 28 C.F.R. § 16.11(i)(2). The EOUSA subsequently considered and rejected Reynolds' waiver request. (Compl., Ex. M.)

Reynolds appealed the EOUSA's denial of his waiver request to the Office of Information Privacy ("OIP"), which affirmed that he did not qualify for a fee waiver because he failed to show how disclosure of the requested documents benefited the public interest as required by 28 C.F.R. § 16.11(k)(1)(i). Specifically, OIP found that the requested information

---

[1] Among other allegations included in his FOIA requests, a representative sample of which is appended to his complaint, Reynolds contends that he was a human subject in AIDS research conducted by the government; the government has "depict[ed] a virtual-reality version of me as a promiscuous homosexual and . . . there were efforts to make the version of me that exists in physical reality jive with the phony version of me by drugging me and violating me with a foreign object or, maybe even a real homosexual"; and "the Omnibus Budget Reconciliation Act of 1981 was a bill of attainder against me." (Compl., Ex. A at 2-3.)

was not likely to be meaningfully informative about government operations and that Reynolds had not demonstrated the intent and ability to disseminate the information to the general pubic, thus failing to satisfy two of the four considerations that inform the agency whether to grant a fee waiver pursuant to 28 C.F.R. § 16.11(k)(2). (*See* Compl., Ex. O at 1, Ex. P at 1-2.) Reynolds subsequently brought this action on January 15, 2009, challenging DOJ's compliance with FOIA.

## II.   STANDARDS OF REVIEW

The government moves to dismiss the complaint pursuant to either Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a claim on which relief can be granted, or alternatively, for summary judgment. On a motion to dismiss a complaint for lack of subject matter jurisdiction, "the party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). While the Court must accept as true all material facts alleged in the complaint, in resolving challenges to subject matter jurisdiction, the Court may look beyond the pleadings in order to satisfy itself that it has the authority to hear the action. *See Filetech S.A. v. Fr. Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998).

Summary judgment is appropriate only if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004).

## III.   ANALYSIS

Federal district courts have jurisdiction pursuant to FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, the U.S. Supreme Court has found that "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)). However, courts in this district often prefer to resolve FOIA actions pursuant to Rule 56. *See, e.g.*, *AP v. U.S. Dep't of Justice*, No. 06 Civ. 1758, 2007 U.S. Dist. LEXIS 18443, *8-9 (S.D.N.Y. March 7, 2007); *Jones-Edwards v. Appeal Bd. of Nat. Security Agency*, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005).

This Court need not resolve this jurisdictional question, and instead finds that the government is entitled to judgment as a matter of law. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n.11 (2d Cir. 2000) (assuming jurisdiction and reaching the merits where the jurisdictional issue was statutory, not constitutional); *see also Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 89-90 (1998) (finding it unreasonable to make all elements of a cause of action jurisdictional). FOIA requires agencies to charge those seeking a substantial volume of information for the cost of processing their requests unless they qualify for a waiver. *See* 28 C.F.R. § 16.11(a); 5 U.S.C. § 552(a) (4)(A). Reynolds did not pay the estimated fee for his request and sought a waiver "in the public interest," which the EOUSA properly denied. (Compl., Ex. A at 4.)

To qualify for a fee waiver pursuant to FOIA, the requesting party must show that "disclosure of the information is in the public interest because it is likely to contribute

significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."   5 U.S.C. § 552(a)(4)(A)(iii).   Here, Reynolds provided no explanation of how the information sought might contribute to the public's understanding of governmental activities.   "[M]erely quoting the statutory language does not satisfy the first prong of the test," and so Reynolds has failed to make the requisite showing.   *Sloman v. U.S. Dept. of Justice*, 832 F. Supp. 63, 68 (S.D.N.Y 1993).   The EOUSA thus was correct in finding that Reynolds did not qualify for a fee waiver pursuant to FOIA and refusing to process his request without payment.   The Court accordingly grants the government's motion for summary judgment and dismisses Reynolds' complaint with prejudice.

Finally, the Court notes two additional and independent grounds for dismissing Reynolds' complaint.   First, despite notice that failure to respond to the government's pending motion could result in dismissal of his complaint, Reynolds has failed to oppose or otherwise respond in any way.   *See Rosado v. Bank of N.Y.*, No. 99 Civ. 10684, 2000 U.S. Dist. LEXIS 14261, at *2 (S.D.N.Y. Oct. 2, 2000).   Second, Reynolds' complaint is frivolous and based on allegations that are implausible and appear to lack any connection to reality.   *See* 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [including] claims describing fantastic or delusional scenarios."); *Jones-Edwards*, 352 F. Supp. 2d at 422 (dismissing amended complaint in FOIA challenge for frivolity of the underlying request pursuant to 28 U.S.C. § 1915(e)(2)).

## IV.    CONCLUSION

The Court finds that—even assuming that it has jurisdiction to consider Reynolds' complaint—the government is nonetheless entitled to judgment as a matter of law because the EOUSA correctly determined that Reynolds did not qualify for a waiver of the required fee and thus must pay the assessed fee before it processed his FOIA request.    Accordingly, the government's motion for summary judgment is granted and the Clerk of Court is directed to enter judgment dismissing the complaint.

Dated:  New York, New York
        July 7, 2009

                                            SO ORDERED:

                                            _____
                                            Sidney H. Stein, U.S.D.J.